[642 NYS2d 689]

In the Matter of RICHARD T. NASTI (Admitted as RICHARD THOMAS NASTI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 28, 1996

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Charles G. Moerdler, Joel Cohen* and *Randy L. Shapiro* of counsel *(Stroock & Stroock & Lavan,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard T. Nasti, was admitted to the practice of law in the State of New York by the Second Judicial Department on September 14, 1983, as Richard Thomas Nasti. At all times pertinent to this proceeding, respondent engaged in the practice of law within the First Judicial Department.

In a misdemeanor complaint filed on June 23, 1992, in the Criminal Court of the City of New York, County of New York, respondent was charged with having committed a "Specific Prohibited Financial Interest and Transaction," in violation of Labor Law §§ 723, 724 and 725 (4). This charge arose out of a scheme to falsely inflate the circulation figures of the New York Post, while respondent was employed as that publication's General Manager. Respondent pleaded guilty to this charge and on June 23, 1992 he was sentenced to a conditional discharge.

In proceedings before the Departmental Disciplinary Committee (DDC), respondent has been charged with having violated Code of Professional Responsibility DR 1-102 (A) (3) (illegal conduct involving moral turpitude), (4) (dishonesty, fraud, deceit or misrepresentation) and (7) (now [8]) (22 NYCRR 1200.3) (conduct reflecting adversely on his fitness to practice law). Respondent admitted many of the factual allegations in the notice of charges and admitted to having violated DR 1-102 (A) (7) (now [8]). At the conclusion of a hearing, a divided Hearing Panel recommended that the charges against respondent

be sustained and that he be suspended from the practice of law for a period of one year. The dissenting member of the Hearing Panel recommended that respondent be suspended for six months.

The Hearing Panel found respondent's character evidence to be "impressive" and found that there were significant mitigating factors. The Hearing Panel noted, for example, that respondent's ill-conceived scheme seems neither to have been motivated by personal avarice nor to have caused harm to clients or others. Also, respondent put himself "at personal risk" by agreeing to testify against organized crime figures. Respondent's reputation suffered as a result of the media coverage of his guilty plea and respondent has an "unblemished" disciplinary record. From the outset, respondent has acknowledged his wrongdoing, has admitted such before the Hearing Panel, and has clearly been remorseful.

Respondent does not dispute that substantial evidence supports the Hearing Panel's findings of fact and its conclusions of law with respect to whether the DDC sustained its burden of proving the charges against him. Thus, the DDC's petition seeking an order confirming the Hearing Panel's findings of fact and conclusions of law regarding the charges filed against respondent should be granted. However, in light of all the circumstances, we are of the view that the six-month suspension originally recommended by the DDC is a sufficient sanction for respondent's misconduct and conveys to respondent and the Bar our strong disapprobation of same. Accordingly, respondent's cross motion to disaffirm the Hearing Panel's report is granted and respondent is suspended for a period of six months.

MURPHY, P. J., SULLIVAN, ELLERIN, NARDELLI and MAZZARELLI, JJ., concur.

Petition and cross motion granted insofar as to confirm the findings of fact and conclusions of law, and suspend respondent from practice as an attorney and counselor-at-law in the State of New York, effective June 28, 1996, for a period of six months, and until the further order of this Court.